1 F.3d 1231
NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
 UNITED STATES, Appellee,
v.
Roberto GOMEZ-SANTIAGO, Defendant, Appellant.
 No. 93-1743.
 United States Court of Appeals,
First Circuit.
 August 18, 1993
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO
 Edwin Quinones and Frank D. Inserni on brief for appellant.
 Juan A. Pedrosa, Acting United States Attorney, Edwin O. Vazquez, Assistant United States Attorney, and Jose A. Quiles-Espinosa, Senior Litigation Counsel, Criminal Division, on brief for appellee.
 D. Puerto Rico
 AFFIRMED.
 Before Cyr, Boudin and Stahl, Circuit Judges.
 Per Curiam.
 
 
 1
 Robert Gomez Santiago (Gomez) appeals an order by the district court denying him bail. We affirm.[1]
 
 
 2
 Gomez was arrested pursuant to a criminal complaint charging him with aiding and abetting others to possess with intent to distribute approximately 800 kilograms of cocaine. The government moved that he be detained without bail, and a detention hearing was held. At the hearing, the government presented the criminal complaint, an affidavit by a witness to conversations implicating Gomez in a plan to import and distribute cocaine, and certain documents (not further described at the hearing) to show probable cause to believe that Gomez had committed the offense with which he was charged.
 
 
 3
 The government also said that it had information that, on a previous occasion several weeks before the activity with which he was charged, Gomez had stored and guarded a similarly-sized shipment of cocaine, indicating that he was a major participant in the drug activity, and it stated that Gomez would soon be charged with respect to that activity. The government argued that Gomez presented a danger to the community and a risk of flight; rather than being subject to the statutory minimum of ten years in prison, because of a prior conviction for importing a substantial quantity of marijuana into Puerto Rico Gomez's actual minimum sentence would be twenty years in jail.
 
 
 4
 Gomez's attorney proffered the information that Gomez owned two farms, which grew coffee, oranges and vegetables, and a warehouse in the community of Yauco, where he lived. Gomez's attorney also proffered the testimony of fifteen family members and neighbors from Yauco that Gomez was hardworking, responsible, a good father and provider, a good neighbor and a good citizen, and stated that they would post the bond of $75,000, which had been recommended by the pretrial services probation officer.
 
 
 5
 The magistrate judge ordered Gomez detained. Highlighting the government's evidence about the size of the shipment in question, the additional shipment of cocaine with which the government said it would charge Gomez, and Gomez's major role as safekeeper of the cocaine pending distribution, he found that the government had shown probable cause to believe that Gomez had committed an offense for which a maximum term of imprisonment of ten or more years was prescribed by the Controlled Substances Act, 21 U.S.C. Sec. 801 et seq.[2] He also noted Gomez's prior conviction for aiding and abetting an apparently notorious gang's importation of over 2,000 pounds of marijuana in 1983 which would double Gomez's minimum jail term. Under these circumstances, the magistrate judge stated that he did not share the Yauco community's faith that Gomez did not present a danger to the community; he also found that any alternatives to detention were "illusory" given the scale of operation described by the government. Accordingly, the magistrate judge found that no condition or combination of conditions would reasonably assure the safety of the community or that Gomez would not flee.
 
 
 6
 Thereafter, the magistrate judge denied Gomez's motion for reconsideration. Responding to what was apparently a new argument in Gomez's motion for reconsideration, the magistrate judge stated that Gomez's alleged diabetes did not justify his release since his diabetes could be controlled in custody.
 
 
 7
 Subsequently, the district court affirmed the magistrate judge's decision. The court found that the "enormous" amount of cocaine involved indicated that Gomez was close to the source of the drugs and that his increased minimum sentence of twenty years due to his prior marijuana conviction supported the magistrate judge's determination that Gomez posed a risk of flight and danger to the community. The court also found that the evidence offered by Gomez was insufficient to rebut the statutory presumption against him.
 
 
 8
 On this record, we have no hesitation concluding that the district court's order affirming the magistrate judge's detention of Gomez was correct. Although Gomez challenges the strength of the evidence on which the magistrate judge found probable cause, his point has been rendered essentially moot by Gomez's subsequent indictment for importing cocaine. See United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991) (an indictment establishes probable cause for purposes of the section 3142(e) presumption).
 
 
 9
 Nor do we think that the affidavits and letters that Gomez has submitted to us are sufficient to rebut the section 3142(e) presumption that there is "no condition or combination of conditions [that] will reasonably assure [Gomez's] appearance ... and the safety of the community...."[3] For the most part, the affidavits of Gomez's fellow citizens are conclusory and thus essentially useless in rebutting the presumption. For example, the affidavit of the mayor of Yauco states that he has known Gomez for approximately eighteen years and "[t]hat [Gomez] does not represent any risk to the community [and] is not a person that could escape or abandon the United States jurisdiction."[4]
 
 
 10
 Gomez's remaining allegations are meritless. Both the magistrate judge and the district court adequately considered the factors described in 18 U.S.C. Sec. 3142(g). The order of the district court is affirmed.
 
 
 
 [1]
 We hereby deny Gomez's motion for release pending appeal as moot and grant his request for expedited resolution of his appeal of the detention order
 
 
 [2]
 Several weeks later Gomez was indicted on six counts of conspiring to import, possessing with intent to distribute, and importing approximately 1,336 kilos of cocaine from Colombia into the customs territory of the United States, reflecting the two shipments of cocaine referred to by the government at the detention hearing. The government has appended the indictment to its memorandum on appeal
 
 
 [3]
 We hereby grant Gomez's motions to submit an additional affidavit and additional documents in support of his motion for release pending appeal and in support of his appeal of the district court's detention order
 
 
 [4]
 Since Gomez has presented no evidence that his diabetes could not be controlled in custody, we agree that Gomez's alleged diabetes is not a consideration favoring release